IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**FREDERICK LEE PITCHFORD**                                                          **PLAINTIFF**

VS.                                        3:06CV00140 WRW

**CITY OF EARLE, ARKANSAS; SHERMAN SMITH, Individually
and in His Official Capacity as Mayor of Earle, Arkansas;
SYLVIA LAYTON, Individually and in Her Official Capacity
as Clerk of the City of Earle; ROBERT MALONE; SARA
JOHNSON; ANN PICKERING; JESSE SELVY; BOBBY
LUCKETT; DONNIE CHEERS; LEROY COWLING,
Individually and in Their Official Capacities as Members of
the Earle City Council; L. Manual Clouse, City
Inspector**                                                                         **DEFENDANTS**

## ORDER

Pending is Defendants' Motion for Summary Judgment.[1]  Plaintiff, who is *pro se*, did not respond, but filed two Motions for an Extension of Time to File a Response.[2]  The first motion was granted,[3] and the second motion was denied.[4]  Instead of filing a response, Plaintiff filed a Motion for Reconsideration[5] and renewed his request for an extension and for a continuance.

---

[1]Doc. No. 31.

[2]Doc. Nos. 34, 38.

[3]Doc. No. 35.

[4]Doc. No. 38.

[5]Doc. No. 40.

1

## I. Background

Plaintiff filed a *pro se* complaint alleging that a building he owns was condemned by Earle's city council in violation of his constitutional rights. Plaintiff brings his claim under 42 U.S.C. §§ 1981, 1982, 1983, and 1985.

On November 16, 2004, Earle's city council passed a resolution that was signed by the mayor, condemning Plaintiff's building because it was dilapidated. Plaintiff alleges that Defendants condemned his property without notice and a fair hearing, and because he is African-American.

The city council's resolution orders Plaintiff to "remove or raze the said building within thirty days."[6] It does not threaten to demolish the building, and there are no allegations that the city razed the building.

Defendants maintain that the building is still standing, and that there are not enough funds to pay for its demolition. Defendants also contend that Plaintiff cannot support his allegations and he fails to state a claim under federal laws or the Constitution.

## II. Standards of Review

### A. Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[7] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

---

[6] Doc. No. 1, Ex. 1.

[7] *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[8]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[9] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[10] I must view the facts in the light most favorable to the party opposing the motion.[11] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[12]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[13]

---

[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[9] *Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[10] *Id.* at 728.

[11] *Id.* at 727-28.

[12] *Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[13] *Anderson*, 477 U.S. at 248.

**B. Motion to Dismiss**

When ruling on a motion to dismiss, a court assumes that the complaint's factual allegations are true, and draws all reasonable inferences from those facts.[14] But, the complaint must contain facts, not conclusions, and a court is not "required to read in missing facts necessary to perfect the claim."[15]

## III. 42 U.S.C. § 1983

Section 1983 creates a cause of action against every person who, under color of law, deprives a citizen of "any rights, privileges, or immunities secured by the Constitution."[16]

Plaintiff alleges that Defendants deprived him of the following constitutional rights: (1) due process and equal protection under the Fourteenth Amendment; (2) due process under the Fifth Amendment; and (3) freedom from unreasonable seizure under the Fourth Amendment.

**A. Due Process under the Fifth and Fourteenth Amendments**

**1. Authority**

When unsafe buildings are condemned, it is a legitimate exercise of a city's police power.[17] The duty to protect the public is within the sound discretion of municipal authorities, and such decisions will not be disturbed unless they are arbitrary.[18] A city council has authority

---

[14] *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 914 (8th Cir. 2001).

[15] *DuBois v. Ford Motor Credit Co.*, 276 F.3d 1019, 1022 (8th Cir. 2002).

[16] 42 U.S.C. § 1983; *Cooksey v. Boyer*, 289 F.3d 513, 515 (8th Cir. 2002).

[17] *Springfield v. City of Little Rock*, 290 S.W.2d 620, 622 (Ark. 1956) (citing *Mugler v. Kansas*, 123 U.S. 623 (1887)).

[18] *Id.*

to regulate conduct within the city limits.[19]  This authority includes condemning unsafe and dilapidated buildings.  However, if the property owner does not agree with the city's conclusion, he may appeal to a circuit court.[20]

The Due Process Clause of the Fourteenth Amendment is applied to *deliberate* decisions of government officials that deprive a person of life, liberty, or property.[21]  This is known as substantive due process and it protects citizens against government abuse.[22]

The Due Process Clause of the Fifth Amendment provides that a person cannot be deprived of life, liberty, or property, without due process of law.  When government action takes away a person's life, liberty, or property, the process used must be fair and impartial.[23]  This requirement is known as procedural due process.

**2. Analysis**

Plaintiff alleges that he was deprived of his property rights.  In support of this allegation, Plaintiff produces evidence showing that Defendants passed a resolution condemning his property and then notified him that the building must be repaired or torn down.

---

[19]*Standard Oil Co. v. City of Marysville*, 27 F.2d 478 (8th Cir. 1928) (holding that a city ordinance passed in the exercise of municipal police power should be found constitutional if there is good reason to believe it promotes public safety).

[20]*Ingram v. City of Pine Bluff*, 133 S.W.2d 382, 385-86 (Ark. 2003).

[21]*Davidson v. New Orleans*, 96 U.S. 97 (1878); *Rochin v. California*, 342 U.S. 165 (1952); *Bell v. Burson*, 402 U.S. 535 (1971); *Ingraham v. Wright*, 430 U.S. 651 (1977).

[22]*Id.*

[23]*Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Condemning a dilapidated building does not deprive a citizen of property rights -- but destroying the building does.[24] Therefore, Earle's city council is not required to give Plaintiff a hearing before concluding that his building is a nuisance -- but Plaintiff is entitled to notice and an opportunity to be heard before the city dispatches bulldozers to his property.[25]

Plaintiff has been given notice that his property is condemned -- that is all the due process he is owed. The Eighth Circuit Court of Appeals has held that notification and an opportunity to be heard, after the property is condemned, and before it is demolished, meets procedural due process requirements.[26]

Moreover, there is no indication that he asked for a hearing to challenge the resolution, or that he attempted to appeal it to circuit court. Since Plaintiff has not been deprived of his property, there is no due process violation. Plaintiff fails to state a claim under either the Fifth or Fourteenth Amendment.

---

[24]*Heidorf v. Town of Northumberland*, 958 F. Supp. 250, 255 (N.D.N.Y. 1997) (holding that the demolition of an old church was not a *de minis* interference with property rights and the owner was entitled to due process).

[25]*Hagen v. Traill County*, 708 F.2d 347 (8th Cir. 1983) (finding that a plaintiff was given sufficient due process before his mobile home was destroyed and he was not entitled to a hearing before the county board of health); see also *Pioneer Savings and Loan v. City of Cleveland*, 479 F.2d 595, 597 (1973) (finding that the statute of limitations began to run on a due process claim when the property was destroyed); *Miles v. District of Columbia*, 510 F.2d 188, 192 ( D.C. Cir. 1975) (holding that the District of Columbia can condemn a house, but must afford due process before irrevocably depriving a plaintiff of the property).

[26]*Hagen*, 708 F.2d at 348.

**B.  Equal Protection under the Fourteenth Amendment**

The Equal Protection Clause requires that state actors treat similarly situated people alike.[27]  Plaintiff alleges that the city council condemned his property because of his race. However, he does not allege or offer evidence that the council treated him less favorably than similarly situated Caucasians.  The conclusion that his property was condemned because he is African-American is without supporting facts.  So, he does not state an equal protection claim.[28]

**C.  Unreasonable Seizure under the Fourth Amendment**

A seizure of property occurs when there is some *meaningful* interference with a citizen's "possessory interests" in the property.[29]  Reducing a building to a pile of rubble at the direction of government officials amounts to a seizure within the meaning of the Fourth Amendment.[30]  If the city had demolished Plaintiff's building, he might successfully allege a Fourth Amendment violation.   Because the building is still there, Plaintiff has no standing.

To determine whether a plaintiff has standing to bring a Fourth Amendment claim, a court must determine (1) if he is asserting his own property rights under the Fourth Amendment;

---

[27]*Klinger v. Department of Corrections*, 31 F.3d 727, 731 (8th Cir. 1994), *cert. denied*, 513 U.S. 1185 (1995).

[28]*Davis*, 992 F.2d at 152.

[29]*United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (emphasis added).

[30]*Heidorf*, 985 F. Supp. at 255; see also *DeBari v. Town of Middleton*, 9 F. Supp. 2d 156 (N.D.N.Y. 1998) (holding that demolition of a condemned portion of a building by order of a town supervisor constituted a Fourth Amendment seizure); *Suss v. American Soc. for Prevention of Cruelty to Animals*, 823 F. Supp. 181 (S.D. N.Y. 1993)(holding that demolition of an outer wall of a private corporate building by ASPCA officers and New York City firefighters in order to save a trapped cat was a seizure under the Fourth Amendment); *Freeman v. City of Dallas*, 242 F.3d 642 (2001) (holding that the demolition of apartment buildings implicated the Fourth Amendment).

and (2) if he is alleging an injury in fact.[31]  Plaintiff met the first requirement of standing because he asserts his own property interest, but he has not alleged "an injury in fact" because his building remains intact.

The resolution passed by Earle's city council does not significantly interfere with Plaintiff's possessory interest.  Plaintiff 's § 1983 claim based on a Fourth Amendment violation, fails.

**IV. 42 U.S.C. § 1981**

A protected activity under § 1981 involves contract rights.  Section 1981 protects the equal right of citizens to "make and enforce contracts without respect to race."[32]  These rights include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."[33]  Because Plaintiff does not allege that Defendants interfered with his contract rights, he fails to state a § 1981 claim.

**V.  42 U.S.C. § 1982**

Section 1982 guarantees all citizens of the United States the same rights enjoyed by white citizens to "inherit, purchase, lease, sell, hold, and convey real and personal property." In short, this section forbids official and private interference with property rights because of race.[34]

---

[31]*Rakas v. Illinois*, 439 U.S. 128 (1978).

[32]42 U.S.C. § 1981(a); *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 475 (2006).

[33]*Id.*.

[34]*Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 414 (1968).

Plaintiff alleges that Defendants condemned his building because he is African-American.  Again, declaring property unsafe does not interfere with his right to sell, inherent, purchase, lease, hold, or convey this building -- safe or unsafe.  Plaintiff does not state a claim under § 1982.

**VI.  42 U.S.C. § 1985**

Section 1985 prohibits conspiracies to deprive citizens of equal protection under the law.  A plaintiff asserting a § 1985 claim must allege that conspirators committed a specific act in furtherance of a conspiracy to injure another person or his property, or deprive him of any right or privilege of a citizen.[35]

A plaintiff must allege and offer evidence of an agreement between the conspirators by identifying some facts which would suggest that the alleged conspirators reached an understanding to violate his rights.[36]  In other words, the specific actions from which a conspiracy may be inferred must be alleged.[37]  Conclusory allegations without facts do not support a claim of civil conspiracy.[38]  Therefore, this claim fails.

---

[35]*Andrews v. Fowler*, 98 F.3d 1069, 1079 (8th Cir. 1996).

[36]*Larson by Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996); see also *Bogren v. Minnesota*, 236 F.3d 399, 409 (8th Cir. 2000) (holding that a plaintiff failed to produce sufficient facts proving a § 1985 conspiracy).

[37]*Manis v. Sterling*, 862 F.2d 679, 682 (8th Cir. 1988).

[38]*Johnson v. Esry*, 210 F.3d 379 (8th Cir. 2000); see also *Manis*, 862 F.2d at 681 (holding that conspiracy allegations must be pled with sufficient specificity and factual support to suggest a meeting of minds); *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 755 (8th Cir. 2001) (holding that to succeed in a civil rights conspiracy claim, a plaintiff must allege some facts showing a mutual understanding to commit unconstitutional acts); *Moses.com Securities, Inc. v. Comprehensive Software*, 406 F.3d 1052, 1064 (8th Cir. 2005) (dismissing a civil conspiracy

**VII. Conclusion**

Based on the above, Defendants' motion (Doc. No. 31) is GRANTED and Plaintiff's motion (Doc. No. 40) is DENIED AS MOOT.  Plaintiff's case is dismissed WITH PREJUDICE.

IT IS SO ORDERED this 2nd day of November 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

claim that did not have specific allegations of collusion).